UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERROD MCCOY,

    Plaintiff,

v.                                                                                   Case No: 6:25-cv-1187-JSS-NWH

CROWN EQUIPMENT
CORPORATION,

    Defendant.
_____/

## ORDER

Plaintiff, Jerrod McCoy, moves to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division, Case Number 482025CA005124A001OX [2025-CA-005124-O]. (Dkt. 11.) Defendant, Crown Equipment Corporation, opposes the motion. (Dkt. 12.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND

In June 2025, Plaintiff brought this case in state court asserting that Defendant breached its duty to "exercise reasonable care in inspecting, maintaining, repairing[,] and keeping [a] fork[]lift in a safe condition." (Dkt. 1-1 at 2.) Allegedly, in April 2024, as a result of Defendant's breaches, a forklift accident caused Plaintiff serious damages:

> Plaintiff suffered bodily injury and/or an aggravation/exacerbation of a preexisting condition and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, [and] loss of ability to earn money. The losses are either

permanent or continuing[,] and Plaintiff will suffer the losses in the future.

(*See id.* at 1–2.)

In July 2025, Defendant removed the case to this court based on diversity jurisdiction. (Dkt. 1 at 3.) Defendant claims that complete diversity exists because Defendant is a citizen of Ohio, the state of its incorporation and its principal place of business, and Plaintiff is a citizen of Florida. (*Id.*) *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different [s]tates . . . ."); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."). To satisfy the amount in controversy requirement, Defendant relies on Plaintiff's initial disclosures, which purportedly show medical bills amounting to $227,419.52. (Dkt. 1 at 4.)

## APPLICABLE STANDARDS

In ruling on motions to remand, district courts "constru[e] removal statutes strictly and resolv[e] doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). "A party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159,

1164 (11th Cir. 2006)). To establish federal diversity jurisdiction, a party must show complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). "Typically, [the court] look[s] to the complaint to establish the amount in controversy." *McGee*, 719 F.3d at 1241. If the complaint does not plead a specific amount in controversy, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (quotation omitted). "Diversity jurisdiction is determined . . . at the time of removal, regardless of any subsequent change to the amount in controversy." *Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019).

## ANALYSIS

Plaintiff does not dispute that there is complete diversity between the parties. (*See* Dkt. 11.) Rather, Plaintiff contends that the amount in controversy does not exceed $75,000 because Plaintiff's medical bills—which were covered by workers' compensation insurance—are not in controversy, and instead, the relevant amount is that of the collateral source lien. (*Id.* at 2–3.) The court disagrees.

"The amount in controversy is not proof of the amount [that] the plaintiff will recover" but rather "is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quotation omitted). "A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Design Ctr. of the*

*Ams., LLC v. Mike Bell Inc.*, 54 F. Supp. 3d 1339, 1341 (S.D. Fla. 2014) (alteration adopted and quotation omitted). "Where, as here, the plaintiff has not [pleaded] a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In such cases, removal is proper if it is "facially apparent from the complaint" that the amount in controversy exceeds the jurisdictional requirement. *Id.* Otherwise, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

Here, the amount in controversy is not facially apparent from the complaint. (*See* Dkt. 1-1.) The complaint lists a variety of serious damages purportedly caused by the forklift accident; however, with respect to a dollar amount, it alleges only that these damages exceed $50,000. (*Id.* at 1–2.) Thus, the court must look to the notice of removal and other evidence existing at that time to determine whether the jurisdictional amount is satisfied. *See Williams*, 269 F.3d at 1319. "[M]edical bills related to treatments a plaintiff has undergone after an injury are sufficient to establish the amount in controversy." *DeWitte v. Foremost Ins. Co.*, 171 F. Supp. 3d 1288, 1290 (M.D. Fla. 2016). In considering Plaintiff's alleged medical expenses and injuries, the court is permitted to "employ[] its judicial experience or common sense in discerning whether the allegations" in the complaint satisfy the amount in controversy. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063–64 (11th Cir. 2010) ("[P]reventing a district judge from acknowledging the value of the claim, merely because it is

unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case.").

Plaintiff argues that the amount in controversy is not met "because the medical bills . . . were covered by workers['] compensation insurance." (Dkt. 11 at 2.) It is true that if "Plaintiff's medical care had been paid at the time of removal," then those bills may not count towards the amount in controversy. *See Jackson v. St. Jude Med. Neuromodulation Div.*, 62 F. Supp. 3d 1343, 1347 (M.D. Fla. 2014). Plaintiff notes that his balance with two medical providers has been paid down to $0.00. (Dkt. 11 at 2.) At the same time, Plaintiff reports another provider's "$55,713.89 bill has . . . payment 'pending,'" and thus was not paid at the time of removal. (*Id.*) Additionally, Plaintiff seems to acknowledge that another bill for $10,121.66 was not covered by workers' compensation insurance. (*Id.*; *see* Dkt. 12 at 7.) Plaintiff's medical records indicate that another bill remains $46,779.98 after payments, adjustments, and allowances. (Dkt. 1-6 at 15–16.) Given that the combination of these three bills exceeds $75,000, Defendant established by a preponderance of the evidence that the amount in controversy is met. *See DeGeorge v. Geico Gen. Ins. Co.*, No. 6:12-CV-1654-ORL-37, 2012 WL 6212916, at *2 (M.D. Fla. Dec. 13, 2012) (concluding that the plaintiff's medical bills, totaling more than $97,000, were sufficient to establish the amount in controversy).

Plaintiff disputes Defendant's calculation of the amount in controversy because he "will be limited" by statute "in recovering the amount of the collateral source lien." (Dkt. 11 at 2.) *See* Fla. Stat. § 768.76; *Stramiello v. Petsmart, Inc.*, No. 810-CV-659-T-

33TGW, 2010 WL 2136550, at *2 (M.D. Fla. May 26, 2010) ("Section 768.76 prohibits plaintiffs in a tort action from recovering damages for expenses that have already been paid through a collateral source (i.e.[ ]insurance)."). Plaintiff contends that this statutory limitation reduces the amount in controversy, but he does not cite caselaw to support this jurisdictional contention. (*See* Dkt. 11.) Accordingly, Plaintiff's position is unpersuasive. *See United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (rejecting a "conclusory argument" because the party advancing it "d[id] not explain [its] legal basis" or cite "legal authority to support it").[1]

In any case, while section 768.76 may apply in the future, the court must determine the amount in controversy at the time of removal. *See Sutherland*, 789 F. App'x at 162. "[S]ubject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Stramiello*, 2010 WL 2136550, at *4 (concluding that a setoff under section 768.76 did not reduce the amount in controversy); *see Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."). Accordingly, a "plaintiff cannot use a set[]off for insurance reimbursement of medical expenses to defeat the amount in controversy requirement for removal." *Zambrano v. Wal-Mart Stores E., LP*, No. 2:23-CV-745-SPC-NPM, 2023 WL 7189466, at *1 (M.D. Fla. Nov. 1, 2023);

---

[1] Plaintiff also cites another statute, *see* Fla. Stat. § 440.39, although it is unclear for what purpose. (Dkt. 11 at 2.) In any event, that statute does not seem to prohibit removal. *See In re Stryker LFIT V40 Femoral Head Prods. Liab. Litig.*, No. 17-MD-2768-IT, 2020 WL 3037103, at *4 (D. Mass. June 4, 2020) (analyzing the statute and denying a motion to remand).

*accord Ruscin v. Wal-Mart Stores, Inc.*, No. 8:13-CV-101-T-35TGW, 2013 WL 12157850, at *9 (M.D. Fla. July 16, 2013) ("Although there may be an anticipatory set[]off . . . , such set[]off would only arise after a judgment has been rendered in [the p]laintiffs' favor."); *Gehl v. Direct Transp., Ltd.*, No. 6:12-CV-1869-ORL, 2013 WL 424300, at *2 (M.D. Fla. Feb. 4, 2013) ("[A]ny post-judgment 'set[]offs' or collateral source payments are irrelevant to determine the amount in controversy at the jurisdictional stage."); *DeGeorge*, 2012 WL 6212916, at *2 ("Setoffs are not properly considered when determining the amount in controversy."); *Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) (concluding that collateral source setoffs are not relevant to calculating the amount in controversy at the time of removal); *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281, at *23 (S.D. Fla. Oct. 22, 2010) ("[A]ny set[]off . . . is irrelevant at the jurisdictional stage . . . ."). Defendant has satisfied its burden with respect to the amount in controversy. Because diversity of citizenship is undisputedly complete, the court may properly exercise diversity jurisdiction over this case.

## CONCLUSION

Accordingly, Plaintiff's motion to remand (Dkt. 11) is **DENIED**.

**ORDERED** in Orlando, Florida, on October 29, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record